IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH VICTOR LAGANA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEMOCRATIC PARTY, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C 12-6379 CW<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT |

　　　Plaintiff Joseph Lagana has filed an application for leave to proceed in forma pauperis (IFP).  The matter was decided on the papers.  Having considered all of the papers filed by Plaintiff, the Court grants the application to proceed IFP and dismisses the complaint.

## LEGAL STANDARD

　　　A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security.  See 28 U.S.C. § 1915(a).  Plaintiff has submitted the required documentation, and it appears from his application that his assets and income are insufficient to enable him to prosecute the action.  Accordingly, the

application to proceed without the payment of the filing fee is granted.

The Court's grant of Plaintiff's application to proceed IFP, however, does not mean that he may continue to prosecute his complaint.  A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Because a dismissal pursuant to § 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

                        PROCEDURAL BACKGROUND
I.   2008 Lawsuit

In 2008, Plaintiff filed suit in the Superior Court of California for the City and County of San Francisco against the City and County of San Francisco. SF Superior Court Case No. CGC-08-475803.  The case was removed by the defendant to this court. See Case Number 08-3392, Docket No. 1.  In that case, Plaintiff asserted claims based on facts that are substantially similar to the majority of the facts alleged in the instant complaint.  See Case Number 08-3392, Docket No. 18.  On October 14, 2009, this Court granted the defendant's motion for summary judgment on Plaintiff's federal claims, and remanded Plaintiff's state claims to state court.  See Case Number 08-3392, Docket No. 70.  After

2

the Ninth Circuit dismissed Plaintiff's appeal, Plaintiff filed a Fourth Amended Complaint and a Notice of Removal from State Court to Federal Court.  See Case No. 08-3392, Docket Nos. 89, 90.  On November 3, 2010, the Court granted the defendant's motion to strike the Fourth Amended Complaint and remand the case to state court.  See Case No. 08-3392, Docket No. 93.

In state court, Plaintiff filed a copy of the same complaint filed in this Court as the Fourth Amended Complaint.  See SF Superior Court 08-475803, Docket Entry for August 19, 2010.  On October 6, the state court granted the defendant's motion to strike the amended complaint. On June 30, 2011, the state court granted the defendant's unopposed motion for summary judgment. Judgment was entered in the defendant's favor on November 10, 2011.

II.  Current Lawsuit

Plaintiff has now filed a copy of the complaint filed as the Fourth Amended Complaint in the 2008 case and filed in the state court on August 19, 2010, with hand-written alterations and without the last page.  The vast majority of the allegations and claims are identical to those stated in the Third Amended Complaint in the 2008 case, all of which were resolved on the merits in favor of the City and County of San Francisco, the defendant in that case.  Plaintiff now names many other defendants, including the Democratic Party, the "Santa Clara Police Department," the "City and County of Santa Clara," and numerous individuals who are sued in their official and individual capacities.

DISCUSSION

I.  Additional Defendants

Plaintiff has handwritten the names of several defendants on the caption of his complaint. These defendants are "Democratic Party," "Santa Clara Police Department," "City and County of Santa Clara," "Santa Clara Mayor Jamie L. Matthews," and "Judy Lamar-Mc___." However, the complaint does not include any factual allegations regarding these defendants. Accordingly, all claims plead against these defendants are dismissed.

II.  Civil Rights Claims

Plaintiff alleges that Defendants violated his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution. Title 42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions . . . ." Jones v. Blanas, 383 F.3d 918, 927 (9th Cir. 2004). In California, the statute of limitations for personal injury claims is two years. Cal. Civ. Proc. Code § 335.1.

Plaintiff has also alleged a claim under 42 U.S.C. § 1985. The Ninth Circuit has held that actions under § 1985 are "best characterized as personal injury actions and are governed by the same statute of limitations as actions under § 1983." McDougal v. County of Imperial, 942 F.2d 668, 673-74 (9th Cir. 1991). California state law also applies to determine whether equitable tolling excuses the filing of a § 1983 or § 1985 claim outside of

4

the statute of limitations.  <u>Estate of Blue v. County of Los Angeles</u>, 120 F.3d 982, 984 (9th Cir. 1997).  Under California's equitable tolling doctrine, the time a plaintiff spends pursuing his or her claims in state court may suspend the running of the statute of limitations in federal court when three conditions are satisfied: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim."  <u>Donoghue v. County of Orange</u>, 848 F.2d 926, 931 (9th Cir. 1988) (citing <u>Collier v. City of Pasadena</u>, 142 Cal. App. 3d 917, 922-24 (1983)).

Plaintiff's §§ 1983 and 1985 claims are based on events that occurred between 2008 and 2010.  The event with the latest date described in Plaintiff's complaint is a phone call made on August 17, 2010.  <u>See</u> Complaint at ¶ 129.  However, Plaintiff filed his complaint on December 11, 2012, more than two years after the events described.  Although Plaintiff was pursuing identical or related claims in both state and federal court between 2008 and 2011, the Court will not grant Plaintiff leave to amend to allege that the late filing of his §§ 1983 and 1985 claims should be excused by the doctrine of equitable tolling.  The Court finds that Plaintiff has not acted reasonably and in good faith.  First, Plaintiff did not actively pursue his claims in state court after his 2008 case was dismissed by this Court.  Instead, he failed to oppose the defendant's motion for summary judgment in state court and proceeded to refile his claims in this Court.  Moreover,

1  Plaintiff has refiled multiple claims that were previously decided
2  on the merits by either this Court or the state court.
3      Accordingly, Plaintiff's §§ 1983 and 1985 claims are
4  dismissed with prejudice.

III. RICO Claim

At paragraphs 271 through 275, Plaintiff asserts a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO). "RICO provides a private cause of action for '[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter.'" Hemi Group, LLC v. City of New York, 130 S. Ct. 983, 987 (2010) (quoting 18 U.S.C. § 1964(c)). Section 1962 contains the substantive criminal RICO provisions.

Under RICO, a "plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985). The Supreme Court has held that "to state a claim under civil RICO, the plaintiff is required to show that a predicate offense not only was a 'but for' cause of his injury, but was the proximate cause as well." Hemi Group, 130 S. Ct. at 989 (internal quotation marks omitted). For purposes of RICO, proximate cause requires "some direct relation between the injury asserted and the injurious conduct alleged." Holmes v. Sec. Investor Prot. Corp., 503 U.S. 258, 268 (1992).

It is not clear what activity Plaintiff alleges is the racketeering activity that violates RICO or how such activity relates to injuries sufficient to support standing. In his

6

statement of facts, Plaintiff alleges, "The Defendant is also guilty of racketeering, punishable under the Federal RICO Act because of their tampering of evidence, obstruction of justice, and working with Ross Stores to harass the Plaintiff, impede his protesting efforts, and deprive him of his rights." Complaint ¶ 119. This allegation is not sufficient to establish that Plaintiff has been "injured in his business or property." Sedima, 473 U.S. at 496.

Under the heading for his RICO claim, Plaintiff makes specific allegations regarding the San Francisco Police Officer's Association (SFPOA). First, he alleges that the unnamed Vice President of the SFPOA "says majority of lawsuits against police are frivolous and shows little remorse to the PLAINTIFF for the wrongs committed by the SFPD officers towards the plaintiff." Complaint ¶ 274. Next, Plaintiff alleges that the SFPOA "has been lobbying to keep funding for cameras and recording devices in SFPD vehicles in order to continue it's [sic] criminal enterprise that is ran [sic] by miscreant SFPD officers," Complaint ¶ 275. These allegations are not sufficient to establish any individual criminal acts, or the "pattern of racketeering activity" required by § 1962. Accordingly Plaintiff's RICO claim is dismissed.

IV. Other Federal Claims

In addition to claims under § 1983, Plaintiff alleges several other federal claims: that Defendant violated 18 U.S.C. §§ 241, 242, 1512, 1513 and 42 U.S.C. § 14141.

As the Court found in its October 14, 2009 order granting summary judgment to the defendant in Plaintiff's 2008 case, "Sections 241 and 242 are criminal statutes. Plaintiff, as a

7

1 private citizen, may not bring a criminal action against
2 Defendant." Case No. 08-3392, Docket No. 70 at 10. This is also
3 true of §§ 1512 and 1513.
4      Title 42 U.S.C. § 14141 authorizes the Attorney General to
5 institute a civil action in certain circumstances. Plaintiff, as
6 a private citizen, may not bring a suit pursuant to this section.
7      Accordingly, Plaintiff's remaining federal claims are
8 dismissed with prejudice.
9 V.   State Law Claims
10      As in the 2008 lawsuit, Plaintiff alleges that Defendants
11 have violated many state laws and provisions of the state
12 constitution. Title 28 U.S.C. § 1367(c)(2) authorizes district
13 courts to decline to exercise supplemental jurisdiction over a
14 state law claim if "the claim substantially predominates over the
15 claim or claims over which the district court has original
16 jurisdiction." In determining whether to decline to exercise
17 supplemental jurisdiction, the Court should consider whether
18 remanding the rest of the case to state court will accommodate the
19 values of "economy, convenience, fairness, and comity." Executive
20 Software North America, Inc. v. United States District Court, 24
21 F.3d 1545, 1557 (9th Cir. 1994), overruled on other grounds by
22 Cal. Dep't of Water Res. v. Powerex Corp., 533 F.3d 1087 (9th Cir.
23 2008).
24      As discussed above, the Court dismisses all of Plaintiff's
25 federal claims. Moreover, many of the state law claims in this
26 case are similar or identical to the state law claims in the 2008
27 case, which were resolved by the state court. It will be more
28 efficient for the state court to evaluate Plaintiff's state law

claims, including determining whether the claims are precluded by the 2008 litigation.  Accordingly, the values of economy, convenience, fairness, and comity favor dismissal of the state law claims.

CONCLUSION

For the foregoing reasons, the Court dismisses Plaintiff's claims.  Because amendment of Plaintiff's federal claims would be futile, the complaint is dismissed without leave to amend. Dismissal of Plaintiff's state law claims is without prejudice to him refiling those claims in state court.

IT IS SO ORDERED.

Dated: 1/30/2013

CLAUDIA WILKEN
United States District Judge